General Bowling Corporation, Appellant *v.* Township of Mount Lebanon and Edward Zak, Chief Inspector, Appellees.

Argued May 5, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

280

*David R. Levin,* for appellant.

*Robert L. Allman, II,* with him *Edwin L. Klett, K. Doyle George,* and *Eckert, Seamans, Cherin & Mellott,* for appellee.

Opinion by Judge Wilkinson, Jr., May 24, 1977:

This appeal arises from an order of the Court of Common Pleas of Allegheny County dismissing appellant's complaint in mandamus to compel the granting of a building permit. We affirm.

Appellant is the tenant of a bowling alley and adjoining restaurant in Mt. Lebanon Township (Township) under a long-term lease. The contract, to which appellant has succeeded to the rights of the original tenant, provides for a twenty-five year lease with options for two additional twenty-five year periods.

Appellant decided that the building's present air conditioning system was not adequate in the summer months and contracted, at is own expense, for the installation of two supplemental air conditioning units. An application for a building permit necessary under the Building Code, Mt. Lebanon, Pa., Ordinance No.

2569 (Code) was filed with the Township's chief inspector. The landlords notified the inspector that they held legal title to the property and that the appellant was not entitled to apply for a permit. The inspector, therefore, denied the application for a permit on the basis of Section 113.1 of the Code, which reads:

> 113.1 A building permit obtained by the *owner or his designated and authorized agent* shall be required for all buildings and structures which shall hereafter be erected, altered or enlarged. Said buildings and structures shall include the following:
>
> . . . .
>
> Air conditioning systems, excluding air-conditioners designed to air condition a single room. (Emphasis added.)

Appellant filed a petition in mandamus to compel the issuance of a permit. The facts were stipulated by counsel and appellant filed a motion for peremptory judgment. The motion was denied and the complaint dismissed with a memorandum opinion by Judge FINKELHOR. This appeal followed.

It is stipulated that appellant does not hold legal title to the premises. Appellant contends, however, that as owner of a long-term lease it is an "owner" that can apply for a building permit. We disagree. While the holder of a long-term lease may be an owner of property for some purposes, it is clear that he is not an owner for all purposes. As was stated by the trial court "[t]he language of the ordinance is clear and unambiguous and distinguishes between ownership and tenancy." Such being the case, appellant cannot contend that it is an "owner" within the meaning of Section 113.1.

Alternatively, appellant contends that under the terms of the lease it is an authorized agent of the

landlords, relying on paragraphs 8(a) and 15. Paragraph 8(a) requires the landlords to install air conditioning and other fixtures and requires the tenant to maintain them. Paragraph 15 grants the tenant the right to cure defaults by the landlords. From this, appellant argues that it has the authority ''to do all things necessary and desirable for the utilization of the demised buildings and premises. . . .'' We cannot agree. Appellant's duty to maintain and repair the leased premises cannot be stretched into a right to make any improvements or alterations that it believes are desirable. Such an interpretation of the lease would conflict with the express terms of paragraph 8(c), which reads: ''Should the Tenant desire to make any improvements or alterations to the aforesaid premises the same shall receive written approval from the Landlords before said alterations or improvements are made. . . .''

Finally, appellant argues that requiring building permits for the installation of air conditioning systems is beyond the police power of a municipality and secondly, that even if the provision is constitutional, that it is void for lack of statutory authority. We find the contentions without merit. There are obvious safety hazards attendant in the installation and use of air conditioning systems that bring their regulation within the wide scope of the police power. Adequate statutory authority for the provision is found in Section 301 of the Home Rule Charter and Optional Plan Law, Act of April 13, 1972, P.L. 184, *as amended*, 53 P.S. §1-301 (Act),[1] and none of the Act's limitations placed on municipal powers are applicable. In fact, Section 302(b)(iv), 53 P.S. §1-302(b)(iv) provides in pertinent part: ''Nothing herein contained shall be construed to in any way affect the power of any mu-

---

[1] Mt. Lebanon Township became a home rule municipality on January 1, 1975.

nicipality to enact and enforce ordinances relating to building codes. . . ."

Accordingly, we will enter the following

ORDER

Now, May 24, 1977, the order of the Court of Common Pleas of Allegheny County, No. G.D. 76-12045, dated October 19, 1976, is affirmed and the appeal is dismissed.